Filed 7/15/26  Contreras v. Melgar CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| ALEJANDRO CONTRERAS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUIS A. MELGAR, et al.,<br><br>Defendants and Appellants. | 2d Civ. No. B339139<br>(Super. Ct. No. 56-2017-00494698-CU-OR-VTA)<br>(Ventura County) |

Defendants Luis A. Melgar and Siboney A. Monge appeal the judgment entered against them after a court trial.[1]  The judgment was in favor of plaintiff and respondent Alejandro Contreras.  The judgment states that respondent "filed his lawsuit against [appellants] for wrongful foreclosure arising from a usury real estate loan [to respondent] secured by his rental property."  Melgar was the lender and Monge purchased the property after the foreclosure.

---

[1] Judgment was entered against Monge individually and as Trustee of the Kumquat 1340 Trust.

The trial court quieted title to the rental property in respondent's favor and directed Melgar to pay him treble damages of $64,203.57, "minus the $25,000 original loan amount for a total net amount owed to [respondent] of $39,203.57." Treble damages were awarded because the loan was usurious. (See *Burr v. Capital Reserve Corp.* (1969) 71 Cal.2d 983, 994 ["The granting of treble damages upon a finding of usury is a matter within the trial court's discretion"].) The court awarded respondent $187,741 in attorney's fees.

Appellants contend the trial court erred because (1) it "incorrectly applied the law in granting Respondent's request for treble damages associated with monies that Respondent never paid," (2) respondent did not "make a credible tender to extinguish a debt," (3) "Monge is a bonified [*sic*] purchaser for value," (4) "'[respondent's] action must fail because [his] tender of payment was not an unconditional offer to pay all of the sums necessary to cure the default," and (5) "the loan and promissory note are not usurious under California Law."

We conclude the appeal is fatally flawed. To begin with, the record is inadequate for meaningful appellate review. "'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

The record is inadequate for three reasons. First, it does not include any of the parties' pleadings. Listed in chronological

2

order, the first document in the clerk's transcript is the final judgment filed on February 7, 2024.  In its order denying appellants' motion for a new trial, the court noted that respondent's first amended complaint consisted of 14 causes of action against eight defendants.

Second, the record does not include the court's statement of decision.  The register of actions shows that a "Final Statement of Decision" was filed on February 6, 2024, the day before the judgment was filed.  The judgment expressly incorporates the statement of decision.  In his appellate brief respondent notes the absence of the statement of decision, but appellants have not moved to augment the record to include the document.  "In a nonjury trial appellant preserves the record by requesting and obtaining from the trial court a statement of decision pursuant to California Code of Civil Procedure section 632.  The statement of decision provides the trial court's reasoning on disputed issues and is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.  [Citation.]  In the absence of a statement of decision, the appellate court will presume that the trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record."  (*Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718.)

Third, although the register of actions shows that the court trial lasted four days (November 28 – December 1, 2023), the record includes only the reporter's transcript of the morning session on November 29, 2023.[2]  There is no agreed or settled

---

[2] In their Notice Designating Record on Appeal, appellants designated only the "Testimony of Araceli Contreras" in the

statement in lieu of a reporter's transcript of the remaining trial proceedings.  (See Cal. Rules of Court, rules 8.130(h), 8.134, 8.137.)  "It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to appellant's issues on appeal."  (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002.)  Appellants have not shown that the November 29, 2023 morning session is the only portion of the reporter's transcript relevant to their issues.

The appeal is also fatally flawed because appellants' arguments involve disputed factual issues, but their brief does not contain a fair summary of the relevant facts with supporting references to the record on appeal.[3]  Under the heading, "**STATEMENT OF FACTS**," appellants have only this to say: "The salient fact in this case, which is not disputed, is not disputed [*sic*] that Respondent never paid any money that he borrowed from Appellant Melgar and, on September 9, 2016 Respondent Contreras had the opportunity to tender payment in the amount of $6,389.40 but failed to do so.  *See* Plaintiff's Exhibit 8 which stated that payment may be tendered to Luis A. Melgar, C/O County Records Service, Inc., 1883 W. Lotus Place, Brea, CA 92831.  The fact that the Plaintiff never tendered any amount of money demonstrates that no credible tender was ever made to Appellant Melgar.  [¶]  Moreover, Respondent's wife, Ms.

---

"Partial Day" reporter's transcript of the proceedings conducted on November 29, 2023.

[3] The only brief filed by appellants is their opening brief. We denied their third request for an extension of time in which to file a reply brief.

Araceli Contreras, testified that no money was ever tendered to Mr. Melgar, the lender of the note in question."

In its order denying appellants' motion for new trial, the court observed that the salient facts are disputed. According to respondent, he "was willing to pay the amount owed on the Note, plus statutory costs and expenses, but Defendants prevented tender and failed to provide a written pay-off demand. [¶] . . . On 4-2-17 [respondent] 'continued' to offer to pay $55,051.73 to stop the foreclosure, borrowing part of the amount from a friend Steve Mutnick. Defendants refused to cooperate with Mutnick or [respondent]. The property was foreclosed on 4-4-17 by Melgar . . . ." The court noted that "in its Statement of Decision [it] found that [respondent] made several attempts to tender full payment to Segovia and Melgar but Melgar refused to accept the tender.[4] (Final Statement of Decision p. 9:16-19.) . . . Further, . . . the [partial] transcript of the trial [the morning session on November 29, 2023] shows that Ariceli Contreras testified that no payments of $25,000 were made because they were not accepted. [Record citation.] In any event, an exception to the tender requirement applies in this case since the underlying loan was found to be invalid or void." In view of the trial court's summary of the evidence, we cannot accept appellants' allegation that "[t]here is no evidence that [respondent] attempted to pay or in fact tendered any amount of money to Mr. Melgar."

"When [as here] facts are disputed, we review for substantial evidence the trial court's determination of those facts and their related inferences." (*Taxpayers for Livable*

---

[4] Jenny E. Segovia was one of the eight defendants in respondent's lawsuit.

5

*Communities v. City of Malibu* (2005) 126 Cal.App.4th 1123, 1126.) "[T]he appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citations.] . . . To meet its burden on appeal to show a finding of fact is not supported by substantial evidence, appellants . . . must ' "set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived." . . . ' " (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.) Appellants have waived any argument as to the sufficiency of the evidence because they have failed to present a fair summary of the evidence.

Moreover, throughout their brief appellants make factual assertions without supporting citations to the record. The claims based on these assertions are forfeited. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 862; see also *LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061 ["Every brief must support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. (Cal. Rules of Court, rule 8.204(a)(1)(C).) The appellate court is not required to search the record on its own seeking error. If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived"].)

Melgar contends the trial court's award of treble damages is subject to de novo review because it involves a pure question of law based on undisputed facts. But without a fair summary of the evidence supported by references to the record, Melgar cannot show that the facts are undisputed as to the treble damages issue. Nor can he show that he should prevail on this issue.

In its order denying appellants' motion for a new trial, the court explained why treble damages are appropriate: "[Appellants] also contend that treble damages were not properly awarded in this action since there was no proof that [respondent] paid money to Defendant Melgar in excess of the $25,000 loan. However, the court in *Wheeler v. Superior Mortg.* Co. (1961) 196 Cal.App.2d 822, 832 found as follows: 'We believe that the use of the interest due on the loan by the lender-bidder at the sale constitutes the equivalent of the payment of the interest by the borrower. Obviously, when this amount is bid, and it includes the usurious interest, it prevents any lower bid from being successful. The lender is actually using the amount of the usurious interest to obtain the property and, if successful, he has in effect collected the interest [since] the debt, including interest, is thereby fully satisfied.' [¶] Here, the evidence showed that Melgar foreclosed on the . . . property on April 4, 2017, making a full credit bid in the amount of $70,051.13. The bid included at least $21,401.19 in usurious interest payments (Exhibit 14 at trial). (Statement of Decision, p. 10:6-9.) Pursuant to *Wheeler v. Superior Mortg. Co., supra,* 196 Cal.App.2d [at p.] 832, the addition of the usurious interest at the foreclosure sale constituted payment. Therefore, there were grounds for awarding treble damages."

In their brief appellants do not even cite *Wheeler*, let alone discuss or distinguish it. Melgar cannot demonstrate that the trial court erred if he ignores the key authority upon which it relied. "[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Appellants claim that, as a matter of law, the loan and underlying promissory note are not usurious. " ' "Usury is the exacting, taking or receiving of a greater rate than is allowed by law, for the use or loan of money." [Citation.] A transaction is usurious if there is a loan at greater than the legal rate of interest . . . .' " (*Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1042.) "Article XV, section 1, of the California Constitution sets forth California's prohibition of usury. It limits the interest rate lenders can charge on nonpersonal loans to the higher of 10 percent [per annum] or five percent [per annum] plus the Federal Reserve Bank of San Francisco's rate on the 25th day of the month preceding the date the agreement was contracted." (*Stoneridge Parkway Partners, LLC v. MW Housing Partners III, L.P.* (2007) 153 Cal.App.4th 1373, 1379 (*Stoneridge*).)

In its order denying appellants' motion for a new trial, the court said the promissory note "provided 60% interest per annum." Appellants have not shown that the court's calculation of the interest rate was erroneous.

The usury law does "not apply to . . . 'any loans, made or arranged by any person licensed as a real estate broker by the State of California and secured in whole or in part by liens on real property . . . .' (Cal. Const., art. XV, § 1.)" (*Stoneridge, supra*, 153 Cal.App.4th at p. 1379.) Appellants argue that Melgar's loan was not subject to the usury law because "the Promissory note was listed by a real estate broker, the monies lent were attached to a rental property owned by [respondent] and was attached by a deed of trust." But appellants do not cite to any portion of the record in support of their assertion that the note "was listed by a real estate broker." Furthermore, they have not shown that the mere "listing" of a promissory note by a real

estate broker shields it from the usury law.  Within the meaning of Article XV, section 1 of the California Constitution, "[b]roker 'made' loans are those in which the broker acts as a principal by lending the broker's own money.  [Citation.]  Broker 'arranged' loans are those in which the broker acts as an intermediary and causes a loan to be obtained or procured as by structuring the loan as the agent for the lender, setting the interest rate and points to be paid, reviewing the loan and forbearance documents, conducting title searches, or drafting the terms of the loan." (*Creative Ventures, LLC v. Jim Ward & Associates* (2011) 195 Cal.App.4th 1430, 1442.)

*Disposition*

The judgment is affirmed.  Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

9

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Gonzalez Law Group and Joseph Gonzalez; Michael Kwasigroch, for Defendants and Appellants.

Law Offices of Bruce B. Paller and Bruce B. Paller, for Plaintiff and Respondent.